**In the Matter of: John C. BAUM;
Linda D. Baum Debtors.**

John C. Baum; Linda D.
Baum, Appellants,

v.

First Coleman National
Bank, Appellee.

No. 06–10005
Non–Argument Calendar.

United States Court of Appeals,
Fifth Circuit.

May 15, 2007.

John C. Baum, Coleman, pro se.

Linda D. Baum, Coleman, TX, pro se.

Charles Dick Harris, Abilene, TX, Louis Frank Oliver, Law Office of Frank Oliver, Austin, TX, for Appellee.

Robert L. Truitt, Jr., Midland, TX, pro se.

Before REAVLEY, GARZA, and DENNIS, Circuit Judges.

PER CURIAM: *

The district court affirmed the bankruptcy court's finding that First Coleman National Bank (the "Bank") held valid liens against the Baums' property and lawfully foreclosed its deed of trust, despite the homestead character of the property. The Baums appeal. We affirm for the following reasons:

1. The Bank's deed of trust secured a purchase money lien and a mechanic's lien that the Bank obtained from the Allens and Signature Building, respectively, in consideration for proceeds from the Bank's loan to the Baums.

2. Purchase money and improvement indebtedness fall outside the homestead protection. TEX. CONST. art. XVI, § 50(a).

3. That a deed of trust secures more debt than may be executed against a piece of property does not impair a trustee's sale under the deed of trust. *Gregory v. Sunbelt Sav., F.S.B.,* 835 S.W.2d 155, 160 (Tex. App.-Dallas 1992, writ denied).

4. To the extent the Baums' brief can be read to raise any other arguments, such arguments are waived for failure to present them to the bankruptcy court, *see In re Fairchild Aircraft Corp.,* 6 F.3d 1119, 1128 (5th Cir.1993), or for inadequate briefing, *see L & A Contracting Co. v. Southern Concrete Servs. Inc.,* 17 F.3d 106, 113 (5th Cir.1994).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.